STATE OF NORTH CAROLINA ) IN THE GENERAL COURT
                                 ) SUPERIOR COURT DIVISION
COUNTY OF FORSYTH        )
                                 ) Civil Action No. 21CVS5573
Katrina Ramon                       )
               Plaintiffs,   )
                                 )
     vs.                              ) **COMPLAINT**
                                 ) (JURY TRIAL REQUESTED)
Wal-mart Stores East, LP      )
                                 )
              Defendant. )
                                 )

FILED 2021 NOV -4 P 12: 09 FORSYTH CO., C.S.C. BY EEL

Plaintiff, Katrina Ramon, by and through her undersigned attorney, respectfully complain of the Defendant, Wal-mart Stores East, LP, alleging the following:

**PARTIES AND JURISDICTION**

1. Plaintiff Katrina Ramon (hereinafter "Plaintiff" or "Ms. Ramon") is a citizen and resident of the County of Forsyth, State of North Carolina.

2. Upon information and belief, Defendant, Wal-mart Stores East, LP, is a corporation, organized and existing in a State other than North Carolina but doing business under the laws of this state in the County of Forsyth, State of North Carolina as a retail business (Wal-mart Supercenter #1849) at 320 E. Hanes Mill Road, Winston-Salem, NC 27105 ("hereinafter "Wal-mart" or "Defendant").

3. This court has personal jurisdiction over the parties and subject matter jurisdiction over this action.

4. Venue in this action is properly before this Court as the acts or omissions giving rise to all causes of action occurred in this county and on the basis that Defendant regularly

transacts business in this state and county. Further, state law will govern all claims, most defenses and all evidentiary issues.

## GENERAL ALLEGATIONS

5. On April 23, 2019, Plaintiff, Katrina Ramon went to the Wal-mart at or about 1:30pm.

6. Ms. Ramon entered the Wal-mart and walked toward the Woodforest State Bank, located inside the store's premises.

7. As Ms. Ramon passed the register area she slipped, lost her balance and fell heavily hitting both knees on the floor.

8. Ms. Ramon found herself on the ground with immediate knee pain and as the pain intensified, it spread into her lower back and lower legs.

9. The slip and fall caused strain and stress on Ms. Ramon's legs and knees and she suffered injuries.

10. Wal-mart personnel and patrons approached her as she sat on the floor in pain. Ms. Ramon heard a Wal-mart customer speaking about the freshly waxed floor where she almost fell earlier and another about the clear plastic substance lying on the floor.

11. Ms. Ramon has endured significant pain and has undergone extensive medical treatment for her injuries and will continue to as she is still pursuing treatment.

12. Ms. Ramon's injuries have also caused her lost income.

## FOR A FIRST CAUSE OF ACTION
(PREMISES LIABILITY/NEGLIGENCE)

13. Each and every allegation contained in each of the proceeding paragraphs and they are incorporated by reference as if set forth verbatim herein.

14. Defendant Wal-mart the owner, manager and operator of the Wal-mart Supercenter #1849 and is liable for the torts that occur on its property and the torts committed by its agents.

15. Wal-mart is open to the general public who benefits in the publics use of its property and it owes a duty of reasonable care toward all lawful visitors to not create unreasonably dangerous condition, to discover risks and take safety precautions to warn of or eliminate unreasonable risks.

16. As a patron of Defendant's Wal-mart, Ms. Ramon was a lawful patron of Defendant. Ms. Ramon entered the Wal-mart that day with the express or implied consent of Defendant for the purpose of using the services provided by Defendant.

17. Defendant breached its duty by creating and unreasonably dangerous condition that was not open and obvious to a lawful visitor to the Wal-mart. Specifically, Defendant created an unreasonably dangerous condition by knowing or constructively knowing that plastic substance lying on the floor and the freshly waxed floor of the front aisle and then failed to eliminate the hazardous condition in an area Defendant knew or should have known it created a hazard to the public.

18. As a direct and proximate result of Defendant's breach of its duty, Ms. Ramon has suffered damages including, but not limited to, personal injury, medical bills, lost wages, and other such damages to be proven at trial.

19. The injuries and damages to Ms. Ramon were a direct and proximate result of one or more negligent, grossly negligent, careless, reckless, willful, wanton, and unlawful acts and/or omissions and commissions on the part of the Defendant, in the following particulars:

    a. In creating an unreasonably dangerous condition on the floor putting its customers at risk;

        b.      In failing to properly supervise and direct their employees and agents who were to inspect and clean the area;

        c.      In failing to post signs, notices or other warnings of the dangerous condition;

        d.      In failing to direct their employees and/or agents to ensure that customers were aware of the dangerous conditions present;

        e.      In failing to remove or dry the substance on the floor;

        f.      In failing to correct the dangerous conditions present within a reasonable length of time after the Defendant knew or should have known that a dangerous condition existed;

        g.      In failing to reasonably inspect the premises for conditions likely to cause injury to its customers;

        h.      In failing to follow proper procedures for inspecting the store for dangerous conditions; and,

        i.      And in such other ways as may be shown at the trial of this matter.

20.     As direct and proximate result of Defendant's negligence, recklessness, carelessness and failure to follow Wal-mart policies and procedures, Plaintiffs suffered damages, including but not limited to, actual, consequential and punitive damages.

**WHEREFORE**, Plaintiff, Katrina Ramon, pray for an Order of this Court, for an award from the Defendant as to each Cause of Action in an amount sufficient to compensate Plaintiff for her injuries, losses, and damages, past, present and future, as well as an additional punitive award in an amount sufficient to impress upon the Defendant the seriousness of their conduct and to deter such similar conduct in the future, together with the costs of this action, and such further relief as the Court deems just and appropriate.

LAW OFFICE OF TODD ELLIS, P.A.

_____
Todd R. Ellis, Esq. (N.C. Bar No. 22039)
7911 Broad River Road, Suite 100
Irmo, South Carolina 29063
Telephone No. 803-732-0123
Fax No. 803-732-0124
todd@toddellislaw.com

October 27, 2021                                ATTORNEY FOR THE PLAINTIFF
Irmo, South Carolina